UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

ARRICKA SCOTT,

               Plaintiff,

vs.

U.S. AUTO SALES INC. and CREDIT
ACCEPTANCE CORPORATION,

            Defendants.

Case No. 18-10582
Honorable

---

| | |
|---|---|
| Adam G. Taub | Stephen W. King (P56456) |
| ADAM G. TAUB & ASSOCIATES | KING AND MURRAY PLLC |
| CONSUMER LAW GROUP, PLC | Attorneys for Defendant Credit |
| Attorneys for Arricka Scott | Acceptance Corporation |
| 17200 W. Ten Mile Rd., Ste. 200 | 355 S. Old Woodward, Suite 100 |
| Southfield, MI 48075 | Birmingham, MI 48009 |
| (248) 746-3790 | (248) 792-2398 |
| adamgtaub@clgplc.net | sking@kingandmurray.com |

---

## NOTICE OF REMOVAL

Defendant Credit Acceptance Corporation ("Credit Acceptance"), by counsel, and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes the above-entitled action, which is currently pending in the 17th District Court in Redford Township, Michigan, and states as follows:

### Background

1.    On or about January 9, 2018, Plaintiff Arricka Scott ("Plaintiff") commenced an action against Credit Acceptance in the 17th District Court in

Township, Michigan, by filing a Complaint, alleging a variety of claims against Credit Acceptance including, without limitation, alleged violations of the Truth in Lending Act, 15 U.S. Code § 1601, *et seq*. ("TILA") and Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq*. ("ECOA").

2.      The Complaint constitutes "all process, pleadings and orders served upon" Credit Acceptance in this action to date. 28 U.S.C. § 1446(a). *See* Exhibit A.

## Timeliness of Removal

3.      Credit Acceptance received notice of this action through the purported service of the Complaint on January 26, 2018. Therefore, this notice of removal is timely under 28 U.S.C. § 1446(b) because less than 30 days have passed since Credit Acceptance received a copy of the Complaint.

## Removal Jurisdiction

4.      This action is properly removable under 28 U.S.C. § 1441 because this Court has original jurisdiction of this case under 28 U.S.C. § 1331, which provides in pertinent part: "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Specifically, Plaintiff alleges, among other things, that Credit Acceptance violated the TILA and ECOA. *See* Exhibit A.

5.      Accordingly, this is a civil action "arising under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331, and removal is appropriate pursuant to 28 U.S.C. §§ 1441, 1446.

6.      Removal to this Court is proper as the United States District Court for the Eastern District of Michigan embraces Redford Township, Michigan, where the state court action was filed.

## Notice to State Court and Plaintiff

7.      Pursuant to 28 U.S.C. § 1446(d), Credit Acceptance is promptly providing written notice of this removal to Plaintiff and will immediately file a copy of this Notice of Removal with the Clerk of the 17th District Court.

## Consent

8.      Upon information and belief, Defendant U.S. Auto Sales, Inc. has not been served with the Summons and Complaint, and therefore, obtaining consent is not possible at this time.

WHEREFORE, Defendant Credit Acceptance Corporation respectfully requests that the above-entitled action be removed from the 17th District Court to this Court.

3

KING AND MURRAY PLLC

By: */s/Stephen W. King*_____
    Stephen W. King (P56456)
    KING AND MURRAY, PLLC
    355 South Old Woodward, Suite 100
    Birmingham, Michigan 48009
    Tel:  (248) 792-2398
    sking@kingandmurray.com

    *Attorneys for Defendant Credit*
    *Acceptance Corporation*

Dated: February 20, 2018

## CERTIFICATE OF SERVICE

Stephen W. King, an attorney, certifies that on February 20, 2018, he electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system and served a copy of same via First-Class Mail, proper postage prepaid, on counsel for Plaintiff Arricka Scott.

*/s/ Stephen W. King*

# EXHIBIT

## A

Approved, SCAO

| | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|

| **STATE OF MICHIGAN** | | **CASE NO.** |
|---|---|---|
| 17th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS AND COMPLAINT** | 18722105 GC |

**Court address**

15111 Beech Daly Rd., Redford Charter Twp., MI 48239

Court telephone no.

313-387-2790

| Plaintiff's name(s), address(es), and telephone no(s).<br>Arricka Scott<br>c/o her attorney | v | Defendant's name(s), address(es), and telephone no(s).<br>CREDIT ACCEPTANCE CORPORATION<br><br>c/o CSC - Lawyers Incorporating Service (Company)<br>601 Abbot Road<br>East Lansing, MI 48823 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>Adam G. Taub (P48703)<br>17200 W. 10 Mile Rd., Ste. 200<br>Southfield, MI 48075<br>248-746-3790 | | |

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| 1-8-18 | 4-19-18 | |

**Family Division Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)

☐ This case involves a minor who is under the continuing jurisdiction of another Michigan court. The name of the court, file number, and details are on page _____ of the attached complaint.

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**Civil Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Canton, MI | Defendant(s) residence (include city, township, or village)<br>East Lansing, MI |
|---|---|
| Place where action arose or business conducted<br>Redford, MI | |

| Date<br>1-9-18 | /s/ Signature of attorney/plaintiff |
|---|---|

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (6/17) **SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

Note to Plaintiff: The summons is invalid unless
served on or before its expiration date.

| PROOF OF SERVICE | SUMMONS AND COMPLAINT |
|---|---|
| | Case No. |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE    OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
    together with _____
        List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complet address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                              Date

My commission expires: _____   Signature: _____
                              Date                          Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                              Attachments

_____ on _____
                                              Day, date, time

_____ on behalf of _____.
Signature

STATE OF MICHIGAN
17TH DISTRICT COURT

ARRICKA SCOTT,

      Plaintiff,

-vs-                        Case No.
                                 Hon.

U.S. AUTO SALES INC., and
CREDIT ACCEPTANCE CORPORATION,

      Defendants.

## COMPLAINT

### JURISDICTION

1. The amount in controversy is less than $10,000.00.

### PARTIES

2. The Plaintiff to this lawsuit is Arricka Scott who resides in Canton, Michigan in Wayne County.

3. The Defendants to this lawsuit are as follows:

    a.    US Auto Sales Inc ("Great Ways Auto") which is a corporation doing business in Redford, Michigan and which by statute and condition of licensing, may be served through its irrevocable resident agent, the Bureau of Regulatory Services, Business Licensing and Regulation Division, Richard H. Austin Building – 3rd Floor, 430 W. Allegan Street, Lansing, MI 48918.

1

b.   Credit Acceptance Corporation ("Credit Acceptance Corporation"), which is a corporation doing business in Michigan, and whose resident agent, CSC - Lawyers Incorporating Service (Company), maintains its office at 601 Abbot Road, East Lansing, MI 48823.

4.   At all relevant times Great Ways Auto -- in the ordinary course of its business -- regularly extended or offered consumer credit for which a finance charge is, or may be imposed or which, by written agreement is payable in more than four installments and is the person to whom the transaction which is the subject of this action is initially payable.

5.   Great Ways Auto is a creditor under TILA, 15 U.S.C. § 1602(g) and regulation Z § 226.2(a)(17).

### VENUE

6.   The transactions and occurrences which give rise to this action occurred in Wayne County.

7.   Venue is proper in the Eastern District of Michigan.

### GENERAL ALLEGATIONS

8.   On or about September 12, 2017, Plaintiff executed a purchase and finance agreement known as a retail installment contract with Great Ways Auto for a 2014 Jeep Compass, VIN 1CNJCBA8ED531747 ("the vehicle").

9.   Prior to signing the retail installment contract, Great Ways Auto failed to provide the Plaintiff with a copy of Truth in Lending disclosures which she could have and keep.

10.  Great Ways Auto had Plaintiff sign an "e-document" which prevented Plaintiff from seeing any Truth in Lending disclosures.

2

11.  Great Ways Auto failed to provide Plaintiff with any paperwork when she "esigned" and failed to provide Plaintiff any paperwork when she left with the vehicle.

12.  The retail installment contract is currently held by or was assigned to Credit Acceptance Corporation.

13.  Under M.C.L. § 492.114a, Credit Acceptance Corporation is subject to all claims and defenses that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Ms. Scott.

14.  Before executing the retail installment contract, Great Ways Auto made the following material representations ("material representations") which also constituted express warranties, were false, and related to the vehicle:

a.  That credit was extended by Great Ways Auto;

b.  That the credit extended by Great Ways Auto was not conditional upon Great Ways Auto being able to assign the retail installment sales contract;

c.  That Plaintiff was the owner of the vehicle when she took delivery;

d.  That the vehicle came with the balance of the manufacturer's warranty; and

e.  That Great Ways Auto would transfer title to the Plaintiff.

15.  Before executing the purchase agreement, Great Ways Auto made the following specific representations which constituted express warranties:

a.  That credit was extended by Great Ways Auto;

b.  That the credit extended by Great Ways Auto was not conditional upon Great Ways Auto being able to assign the retail installment sales contract;

c.  That Plaintiff was the owner of the vehicle when she took delivery;

3

    d.      That the vehicle came with the balance of the manufacturer's warranty; and

    e.      That Great Ways Auto would transfer title to the Plaintiff.

16.    The vehicle did not meet Great Ways Auto's specific representations which constituted express warranties.

17.    Great Ways Auto disclaimed or limited the warranty of merchantability and fitness for use without doing so clearly and conspicuously.

18.    The vehicle constitutes a "good" under article 2 of the UCC, M.C.L. §440.2101 *et seq*.

19.    When Plaintiff drove off the lot with the vehicle, it began to malfunction 20 minutes afterward, stalling and burning oil and the vehicle would not go more than 50 miles per hour.

20.    The same day she took delivery, the vehicle became unsafe to drive.

21.    The next day, the vehicle would not run at all.

22.    Plaintiff contacted Great Ways Auto every day for the first week after she took delivery and inquired about the manufacturer's warranty but Great Ways Auto told her to bring the vehicle in to Great Ways Auto.

23.    Plaintiff explained that the vehicle would not run and Great Ways Auto refused to come pick up the vehicle.

24.    Each time Ms. Scott learned of a mechanical defect, she promptly notified Great Ways Auto of that defect.

25.    Based on the frequency of breakdown, the vehicle's time out of service, the severity of the mechanical failures, the cost of warranty coverage, and amount of other expenses incurred during the limited time of ownership of the vehicle, the vehicle has been rendered unmerchantable, unfit, and of diminished value to Ms. Scott

4

26. The value of the vehicle as delivered to Ms. Scott was less than the value as warranted.

27. Ms. Scott properly rescinded, canceled, or otherwise terminated the contract of sale, thereby requiring Great Ways Auto to return of all payments for the vehicle, cancel the security interest in the vehicle, and return the motor vehicle retail instalment sales contract.

### COUNT I -- Truth In Lending Act (Great Ways Auto)

28. Ms. Scott incorporates the preceding allegations by reference.

29. By failing to provide Ms. Scott with a copy of truth in lending disclosures at the time and in the manner prescribed by Regulation Z of the Truth in Lending Act, the dealer has violated the federal Truth in Lending Act, 15 U.S.C. § 1601.

30. Great Ways Auto failed to accurately disclose the applicable finance charge as required by 15 U.S.C. § 1638 and Reg Z § 226.18(d)

31. Great Ways Auto failed to accurately disclose and itemize the amount financed in violation of 15 U.S.C. § 1638, Reg Z § 226.18(b), and Reg Z § 226.18(c).

32. As a consequence of failing to accurately state the actual finance charge, Great Ways Auto also misstated the applicable "APR" in violation of 15 U.S.C. § 1338 and Reg Z § 226.18(e).

33. Great Ways Auto failed to accurately disclose the applicable "APR" as required by 15 U.S.C. § 1638; Reg Z § 226.18(32); Reg Z § 226.22.

34. Great Ways Auto was required to make the disclosures required by 16 U.S.C. § 1638 prior to failed to prior to consummating the sale of the vehicle.

35. Those disclosures were required to be made in writing, in form that could be kept by the consumer so that consumers may shop for credit prior to engaging in a credit transaction.

5

36.   Great Ways Auto failed to make those disclosures in a timely fashion in violation of 15 U.S.C. § 1638(a)(4).

37.   Great Ways Auto is liable to plaintiff for actual and statutory damages to be determined at trial, costs, and statutory attorney fees in accordance with 15 U.S.C. § 1640.

### COUNT II -- Equal Credit Opportunity Act (Great Ways Auto)

38.   Incorporate one the preceding allegations by reference.

39.   Great Ways Auto is a creditor for purpose of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq*.

40.   Following the receipt of the complete application for credit, Great Ways Auto was required to make a credit decision within 30 days.

41.   Great Ways Auto took adverse action for purposes of the ECOA.

42.   Great Ways Auto was otherwise required to provide an adverse action notice.

43.   Great Ways Auto failed to issue the adverse action notice as required by the ECOA.

44.   Great Ways Auto has inadequate policies or procedures in place to comply with the ECOA's adverse action notice requirements.

45.   This failure to issue an adverse action notice constituted a wilful violation of the ECOA, 15 U.S.C. § 1691 by Great Ways Auto.

46.   Great Ways Auto has failed to maintain proper records of its credit actions in violation of the ECOA.

47.   This failure to properly maintain records  constituted a wilful violation of the ECOA, 15 U.S.C. § 1691 *et seq*. by Great Ways Auto.

48.   Plaintiff has suffered damages by this violation of ECOA.

## COUNT III — Magnuson-Moss Warranty Act

### (Great Ways Auto and Credit Acceptance Corporation)

49.  Ms. Scott incorporates the preceding allegations by reference.

50.  Scott is a consumer as defined in 15 U.S.C. §2301(3).

51.  As a seller of motor vehicles, Great Ways Auto was obligated to comply with the FTC buyers guide rule promulgated under the Magnuson Moss Warranty Act, 15 C.F.R. 455.1 *et seq*

52.  Under the buyers guide rule, Great Ways Auto was required to affix the buyers guide to the car prior to the sale of the vehicle to Ms. Scott's .

53.  Great Ways Auto failed to affix the buyers guide to the car prior to the sale of the vehicle to Ms. Scott's , thereby violating the buyers guide rule.

54.  In the FTC buyers guide, Great Ways Auto affirmatively stated that it was giving no warranties.

55.  Under the buyers guide rule, 16 C.F.R. §455.4, Great Ways Auto may not make any oral representations contrary to the final terms incorporated into the buyer's guide.

56.  The oral representations made by Great Ways Auto are contrary to the terms stated in the buyers guide, and therefore violate 16 C.F.R. §455.4 and constitute an unfair or deceptive practice under 15 U.S.C. 2301 *et seq*.

57.  Under 15 U.S.C. §2301(a)(1), Great Ways Auto, must remedy any defect, malfunction or nonconformance of the subject vehicle as a warrantor of the vehicle.

58.  Great Ways Auto has violated 15 U.S.C. §2304(d) by failing to provide the required remedy for the failure to honor a written warranty.

7

59. Ms. Scott has suffered damages as a result of these breaches of warranty and failure to provide a remedy under 15 U.S.C. §2304(d).

60. Ms. Scott suffers continuing damages as a result of these breaches of warranty and failure to provide a remedy under 15 U.S.C. §2304(d).

<u>COUNT IV -- Violation of Michigan Consumer Protection Act</u>

<u>(Great Ways Auto and Credit Acceptance Corporation)</u>

61. Ms. Scott incorporates the preceding allegations by reference.

62. Great Ways Auto is engaged in trade or commerce as that term is defined in M.C.L. § 445.902.

63. Great Ways Auto has engaged in one or more of deceptive or unfair practices prohibited by the Michigan Consumer Protection Act, M.C.L.§ 445.903, including but not limited to the following:

    a.    Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

    b.    Using deceptive representations or deceptive designations of geographic origin in connection with goods or services.

    c.    Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have.

    d.    Representing that goods are new if they are deteriorated, altered, reconditioned, used, or secondhand.

8

e.     Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

f.     Making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions.

g.     Representing that a part, replacement, or repair service is needed when it is not.

h.     Representing to a party to whom goods or services are supplied that the goods or services are being supplied in response to a request made by or on behalf of the party, when they are not.

i.     Causing a probability of confusion or of misunderstanding with respect to the authority of a salesperson, representative, or agent to negotiate the final terms of a transaction.

j.     Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction.

k.     Causing a probability of confusion or of misunderstanding as to the terms or conditions of credit if credit is extended in a transaction.

l.     Disclaiming or limiting the implied warranty of merchantability and fitness for use, unless a disclaimer is clearly and conspicuously disclosed.

m.     Representing that a consumer will receive goods or services "free", "without charge", or words of similar import without clearly and conspicuously disclosing with equal prominence in immediate conjunction with the use of those words the conditions, terms, or prerequisites to the use or retention of the goods or services advertised.

9

n.   Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

o.   Entering into a consumer transaction in which the consumer waives or purports to waive a right, benefit, or immunity provided by law, unless the waiver is clearly stated and the consumer has specifically consented to it.

p.   Failing, in a consumer transaction that is rescinded, canceled, or otherwise terminated in accordance with the terms of an agreement, advertisement, representation, or provision of law, to promptly restore to the person or persons entitled to it a deposit, down payment, or other payment, or in the case of property traded in but not available, the greater of the agreed value or the fair market value of the property, or to cancel within a specified time or an otherwise reasonable time an acquired security interest.

q.   Taking or arranging for the consumer to sign an acknowledgment, certificate, or other writing affirming acceptance, delivery, compliance with a requirement of law, or other performance, if the merchant knows or has reason to know that the statement is not true.

r.   Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

s.   Charging the consumer a price that is grossly in excess of the price at which similar property or services are sold.

10

t.      Causing coercion and duress as the result of the time and nature of a sales presentation.

u.      Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.

64.     Ms. Scott has suffered damages as a result of these violations of the Michigan Consumer Protection Act.

65.     Ms. Scott suffers continuing damages as a result of these violations of the Michigan Consumer Protection Act.

## COUNT V – Misrepresentation

## (Great Ways Auto and Credit Acceptance Corporation)

66.     Ms. Scott incorporates the preceding allegations by reference.

67.     The material representations were intended to induce the reliance of Ms. Scott.

68.     The material representations did induce the reasonable reliance of Ms. Scott.

69.     Great Ways Auto made the material representations with actual knowledge of their falsity.

70.     Great Ways Auto made the material representations with reckless disregard to their truth or falsity.

71.     Great Ways Auto made the material representations even though it should have known that they were false.

72.     These actions constitute a misrepresentation upon Ms. Scott by Great Ways Auto.

73.     Ms. Scott has suffered damages as a result of this misrepresentation.

74.     As a result of this misrepresentation, Ms. Scott suffers continuing damages.

11

## COUNT VI -- Breach of Contract

### (Great Ways Auto and Credit Acceptance Corporation)

75.   Ms. Scott incorporates the preceding allegations by reference.

76.   Great Ways Auto's tender of the performance did not conform as a result of the vehicle's mechanical defects, lack of merchantability, or fitness for intended purpose which existed at the time of delivery.

77.   The failure of Great Ways Auto to deliver conforming goods, title, and follow up services at the contract price constitutes a material breach of contract.

78.   Ms. Scott has suffered damages as a result of this breach of contract.

79.   Ms. Scott suffers continuing damages as a result of this breach of contract.

## COUNT VII -- Repudiation

### (Great Ways Auto and Credit Acceptance Corporation)

80.   Ms. Scott incorporates the preceding allegations by reference.

81.   There remain executory obligations relating to the purchase of the vehicle.

82.   Ms. Scott demanded assurances of Great Ways Auto's performance in the demand letter sent to Great Ways Auto.

83.   Great Ways Auto failed or refused to provide assurances of its performance consistent with its obligations.

84.   Great Ways Auto's failure to provide assurances of its performance constituted a repudiation of its contract with Ms. Scott.

85.   Ms. Scott has suffered damages as a result of this repudiation.

86.   Ms. Scott suffers continuing damages as a result of this  repudiation.

## COUNT VIII — UCC Revocation Of Acceptance

### (Great Ways Auto and Credit Acceptance Corporation)

87.   Ms. Scott incorporates the preceding allegations by reference.

88.   The nonconformity of the vehicle could not have been reasonably discovered by Ms. Scott at the time Great Ways Auto tendered delivery.

89.   Ms. Scott would not have accepted the vehicle had Scott known that the vehicle was nonconforming.

90.   Great Ways Auto has not made its tender of delivery conforming.

91.   Ms. Scott sent notice of revocation within a commercially reasonable time.

92.   Ms. Scott has suffered damages as a result of this failure to provide a conforming tender or return of purchase price after revocation of acceptance.

93.   Ms. Scott suffers continuing damages as a result of this failure to provide a conforming tender or return of purchase price after revocation of acceptance.

### COUNT IX — Motor Vehicle Sales Finance Act

### (Great Ways Auto and Credit Acceptance Corporation)

94.   Ms. Scott incorporates the preceding allegations by reference.

95.   This claim is brought under the Michigan Motor Vehicle Sales Finance Act, M.C.L. §492.101 *et seq*, which will be referred to as the MVSFA throughout the remained of this complaint.

96.   Great Ways Auto failed to properly complete all necessary terms of the installment contract as required by M.C.L. §492.101 et seq.

13

97.  Ms. Scott have suffered the damages set forth above by reason of the Great Ways Auto's violations of the MVSFA.

### COUNT X — Motor Vehicle Installment Sales Contract Act

### (Great Ways Auto and Credit Acceptance Corporation)

98.  Ms. Scott incorporates the preceding allegations by reference.

99.  This claim is brought under the Michigan Motor Installment Sales Contract Act, M.C.L. § 566.301 *et seq*, which will be referred to as the MVISCA throughout the remainder of this complaint.

100.  Great Ways Auto failed to properly complete all necessary terms of the installment contract as required by M.C.L. § 566.302 *et seq*.

101.  Great Ways Auto failed to properly complete all necessary terms of the installment contract as required by M.C.L. § 566.302 *et seq*.

102.  Ms. Scott suffered damages in the amount of the finance charge imposed.

### COUNT XI — Motor Vehicle Code Violations

### (Great Ways Auto and Credit Acceptance Corporation)

103.  Ms. Scott incorporates the preceding allegations by reference.

104.  Great Ways Auto violated the Motor Vehicle Code.

105.  Great Ways Auto failed to apply for title within 15 days of delivering the vehicle to Ms. Scott as required by M.C.L. §257.235.

106.  Great Ways Auto's failure to effectively transfer title constituted a violation of M.C.L. §257.235.

14

107. Ms. Scott may void the contract of sale as a result Great Ways Auto's violation of the Motor Vehicle Code.

108. Ms. Scott may void the contract of sale as a result Great Ways Auto's violation of the Motor Vehicle Code under M.C.L. §257.251.

## REQUEST FOR RELIEF

Plaintiff requests that this Honorable Court grant the following relief:

1. Award actual damages.

2. Rescission.

3. Award statutory damages.

4. Award statutory costs and attorney fees.

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:   /s/ Adam G. Taub
Adam G. Taub (P48703)
Attorney for Arricka Scott
17200 West 10 Mile Rd. Suite 200
Southfield, MI 48075
Phone: (248) 746-3790
Email: adamgtaub@clgplc.net

Dated: January 9, 2018

15



$7.09 US POSTAGE
FIRST-CLASS

stamps.com

CERTIFIED MAIL™

9214 7969 0099 9790 1619 1842 97

Credit Acceptance Corporation
c/o CSC - Lawyers Incorporating Service (Company)
601 Abbot Road
East Lansing, MI 48823